OPINION of the Court, by
Judge Owsiey.
Cash-man, by the assent of his lather, put himself apprentice to Barger for the term of three years ; and in consideration of certain covenants entered into on his part, Barger covenanted to use his utmost endeavors during said term to instruct him in the art, trade and mystery of house-joining and cabinet-making, and to give him during the term four months schooling. The term having elapsed* Cashman brought this suit on the covenant, and after setting forth in his declaration the covenant aforesaid, alleged for breach the failure of Barger to use during the term of apprenticeship his utmost endeavors to instruct Cashman in the art, trade and my fiery of house-joining and cabinet-making, and also his failure to give the four months schooling, according to the tenor and effect of the covenant. Barger pleaded covenants performed, and issue having been joined to the country a verdict was found for Cashman; and though a new trial was asked for by Barger, judgment was entered according to the verdict of the jury. From this judgment Barger has brought the case before this court by appeal.
The only question we shall consider in determining this cause grows out of the refusal of the court to grant a new trial. One of the grounds upon which it was asked was because the court on the trial had refused to permit Barger to give evidence that Cashman, after his term of apprenticeship had terminated, could do, and had done good house-joiner’s work.
Were this evidence admissible, its rejection by the court most certainly formed a good cause for a new tri *279 til : for as in that event Barger by the act of the court may have sustained an injury, natural justice as well as the settled rules of practice unite in requiring a further trial.
The failure of Barger to tender a bill of exceptions during the trial to the decision of the court in refusing the evidence, cannot, as was contended in argument, prevent him from availing himself of the error of the court in an application for a new trial. When the evidence was rejected, according to strict practice, exceptions should have been tendered during the progress of the trial 5 but as that was not done, though the failure might have afforded a sufficient apology for the refusal of the court to sign exceptions to that point, if thereafter tendered, it cannot legalise the decision of the court or affect its operation as a substantive cause for a new trial.
That the evidence should have been admitted, we have no doubt. Although it might not have proven conclusively a performance of the covenants, it certainly afforded very persuasive evidence in mitigation of damages : for notwithstanding Barger may have failed to fulfil his covenants in ev ery respect, the damages which ought to be recovered should in some measure corres-: pond with the injury sustained.
The evidence, therefore,'which was rejected by the court, whilst it might not have fully proven the issue on the part of Barger, it certainly conduced in a certain degree to prove the exercise of his endeavors to instruct Cashman, and tended to evince such a degree of knowledge on the part of Cashman in the trade to which he became an apprentice, as should at least extenuate the damages, and as such ought to have went to the jury.
The judgment must be reversed, the cause remanded to the court below and a new trial there had according to the principles of this opinion.